IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

IN RE:   LARRY EDWARD WOOD and
JESSICA ANN WOOD,

                Debtors.

U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT (HUD),

                Appellant,

v.                                          CIVIL ACTION NO.  5:19-cv-00302
                                          (Consolidated with Civil Action No. 5:19-cv-303)

LARRY EDWARD WOOD and
JESSICA ANN WOOD,

                Appellees.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Motion of Defendant/Appellant U.S. Department of Housing and Urban Development (HUD) for Retroactive Relief from the Automatic Stay* (Document 25), the *Memorandum in Support of Motion of Defendant/Appellant U.S. Department of Housing and Urban Development (HUD) for Retroactive Relief from the Automatic Stay* (Document 26), the *Response of Larry Edward Wood and Jessica Ann Wood to Motion of Defendant/Appellant U.S. Department of Housing and Urban Development (HUD) for Retroactive Relief from the Automatic Stay* (Document 28), and the *Reply to the Response of Larry Edward Wood and Jessica Wood to Motion of Defendant/Appellant U.S. Department of Housing and Urban Development (HUD) for Retroactive Relief from the Automatic Stay* (Document 29). For the reasons stated herein, the Court finds that the motion should be granted.

## FACTUAL BACKGROUND AND DISCUSSION

On September 9, 2008, the Debtors/Appellees borrowed $39,739.44 to purchase a modular/mobile home. In the case of default, the loan was insured by the United States Department of Housing and Urban Development (HUD). The Debtors/Appellees ultimately defaulted on the loan on July 31, 2014. On November 18, 2015, HUD paid the deficiency remaining after default—an amount totaling $23,066.66. On November 20, 2015, HUD notified the Debtors/Appellees of the deficiency and made a demand for payment.

In December 2015, HUD issued the Debtors/Appellees a Notice of Intent to Collect by Treasury Offset, informing them that the United States Department of the Treasury (the "Treasury") could offset the Debtors/Appellees' tax overpayment amounts against the debt owed to HUD. On February 23, 2017, the Treasury Offset Program used $9,961.00 of federal tax overpayment to offset the amount of debt owed to HUD, leaving a remaining balance of $15,486.47 plus interest.

On March 21, 2018, the Debtors/Appellees filed a bankruptcy petition, and subsequently filed their federal and state income tax returns on March 26, 2018. The returns demonstrated a federal income tax overpayment of $6,086 and a state income tax overpayment of $316. The Treasury used the federal income tax overpayment to offset the Debtors/Appellees' remaining debt to HUD on April 4, 2018. No offset was made using the state tax overpayment.

The Debtors/Appellees filed a complaint on May 17, 2018, seeking avoidance of HUD's lien and refund of the offset funds remitted to HUD. The Bankruptcy Court entered a Memorandum Opinion on March 31, 2019, and a Judgment Order on April 15, 2019, ordering the

United States to pay the Debtors/Appellees $6,086. On April 15, 2019, the United States appealed the decision of the Bankruptcy Court.

By Memorandum Opinion and Order entered December 16, 2019, this Court affirmed the decision of the Bankruptcy Court, finding that the Debtors' tax overpayment was part of the bankruptcy estate, subject to the protections of the automatic stay, and that § 522 trumped the offset provisions found in § 553 of the Bankruptcy Code and § 604 of the Tax Offset Program, such that the Debtors/Appellees were entitled to recover the $6,086 tax overpayment. The Government appealed this Court's decision on February 12, 2020. At the time this Court entered its Memorandum Opinion and Order, case law regarding this issue was unsettled. However, in *Copley v. United States*, 959 F.3d 118 (4th Cir. 2020), the Fourth Circuit settled the case law, holding that the Government's right to offset prevails over protections typically applicable to properly exempted property.

Therefore, on appeal, the Fourth Circuit held that the Government has a superior right to use the tax overpayment to offset mutual debts under 26 U.S.C. § 6402(d) and § 552(a), which prevails over the Debtors' right to recover the tax overpayment by way of the general exemption protections under § 522(c). The Fourth Circuit further held that, although the Government failed to request relief from the automatic stay prior to withholding the tax overpayment, the Government has a right under 11 U.S.C. § 362(d) to retroactive relief from the stay, which would thereby ratify the offset. The mandate for the judgment of the Fourth Circuit became effective on June 1, 2021.

The Government has filed a motion seeking retroactive relief from the automatic stay to allow HUD to perfect its right to offset the debt owed to the Debtors/Appellees from their tax overpayment. The Debtors/Appellees filed a Response objecting to the Government's motion and

seeking remand to the Bankruptcy Court. They argue that the mutuality required by 11 U.S.C. § 553 has not been decided by the Bankruptcy Court. They claim that the United States Department of the Treasury, as opposed to HUD, owed a debt to the debtors and, therefore, there is no mutuality, and that HUD has no standing to seek relief from the automatic stay.

In its Reply, the Government argues that mutuality was, in fact, addressed by the Bankruptcy Court and, moreover, that it was never raised before the Bankruptcy Court or on appeal and has, therefore, been waived. The Government also argues that even if the issue of mutuality is now decided on the merits, under applicable case law, the United States is a unitary debtor for purposes of setoff.

Having reviewed the pertinent documents, the Court observes that, in its written opinion, the Bankruptcy Court discussed the requisite elements for setoff, including mutuality (Document 19 at p.4) and found that setoff of non-exempt property could be available for setoff (Document 19 at p.6). In making that finding, after specifically discussing the elements, it is clear the Bankruptcy Court gave consideration to the issue of mutuality. However, the Court also observes that the issue of mutuality was not raised by the Debtors/Appellees before the Bankruptcy Court or on appeal. Now that the United States Court of Appeals for the Fourth Circuit has issued its mandate, the Court finds that even if the Bankruptcy Court had not considered mutuality, the Debtors/Appellees have waived their right to advance this issue and it is now barred. See *United States v. Pileggi*, 703 F.3d 675, (4th Cir. 2013) ("But the mandate rule "forecloses litigation of issues ...because they were not raised in the district court."), citing *United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1999). See also *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 291 (4th Cir. 2021) (dismissing claim which defendant argued became relevant only on remand, where court found the claim had

4

not been raised in either the district court or in the defendant's previous appeal), citing *Volvo Trademark Aktiebolaget* v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007).

Lastly, assuming it was not barred and it was appropriate for this Court to consider the merits of the Debtors/Appellees' mutuality argument, there is no ambiguity in the law establishing that the federal government is considered a single entity entitled to set off one agency's debt to a party against that party's debt to another agency. Specifically, as it relates to this case, although it was the United States Treasury Department that originally pursued the setoff of the Debtors/Appellees' debt to HUD, the Treasury Department is not a necessary party and HUD is a proper party with legal standing in this matter. See *Cherry Cotton Mills, Inc. v. United States*, 327 U.S. 536, 539 (1946) (holding that the United States was a unitary creditor involving a setoff of a tax refund payable by the United States Treasury against a debt owed by the petitioner to the Reconstruction Finance Corporation which was essentially a federal agency). Also see *United States v. Maxwell*, 157 F.3d 1099, 1102 (7th Cir. 1998) (*citing In re Hal*, 122 F.3d 851, 853 (9th Cir. 1997) and *In re Chateaugay Corp.*, 94 F.3d 772, 778 (2d Cir. 1998)).

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Motion of Defendant/Appellant U.S. Department of Housing and Urban Development (HUD) for Retroactive Relief from the Automatic Stay* (Document 25) be **GRANTED.** Specifically, the Court **ORDERS** that the automatic stay of the Bankruptcy Court be lifted retroactively and Defendant/Appellant, U.S. Department of Housing and Urban Development (HUD), be **GRANTED** judgment in its favor, consistent with the opinion and mandate issued by the United States Court of Appeals for the Fourth Circuit, and the Debtors/Appellees' request for remand to

the Bankruptcy Court be **DENIED**. Lastly, the Court **ORDERS** that this matter be stricken from the docket of this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 25, 2021

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA